**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>ENVIROSCENT, INC.<br><br>             Debtor. | Chapter 11<br><br>Case No. 24-62804-jwc<br><br><br>**Re: Doc No. 67 and 80** |

**ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING
DEBTOR'S SALE MOTION AND ASSUMPTION NOTICE**

Oracle Credit Corporation and Oracle America, Inc., successor in interest to NetSuite, Inc. (jointly, "Oracle"), a creditor and contract counterparty in the above-captioned Chapter 11 case, submits this limited objection and reservation of rights ("Rights Reservation") regarding the *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Assumed Contracts, and (VI) Authorizing the Sale of Assets* [Dkt. No. 67] ("Sale Motion")[1]; and *Notice to Contract Parties to Potentially Assumed Executory Contracts and Leases* [Dkt No. 80] ("Assumption Notice"), filed by Enviroscent, Inc. ("Debtor").

## I.    INTRODUCTION

By the Sale Motion and the Assumption Notice, the Debtor seeks Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the

---

[1] Oracle understands that the last day to object to the Sale Motion is March 24, 2025.  However, in order to avoid duplicate filings, Oracle incorporates its objection to the Sale Motion here and reserves its right to be heard.

-1-

Debtor and Oracle. Oracle objects to the proposed assumption and assignment on multiple grounds.

First, Oracle's agreements with the Debtor are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreements and applicable law.

Second, the Assumption Notice fails to identify correctly either the counterparty or the contracts the Debtor hopes to assume and assign. Wells Fargo Equipment Finance, Inc. ("Wells Fargo") is erroneously identified as the contract counterparty for the seemingly targeted contract involving Oracle.  This concern is discussed in more detail below.  Until Oracle has a better understanding of the contracts potentially to be assumed and assigned, Oracle is unable to confirm the cure amount owed.

Third, there is presently no stalking horse bidder and the bid deadline is after the deadline to object to the Assumption Notice. Oracle is therefore unable to determine whether the ultimate purchaser/assignee is capable of performing under the terms of the contracts which the Debtor may seek to assume and assign.

Finally, to the extent any final Asset Purchase Agreement ("APA") provides for the Debtor and the eventual purchaser(s) to enter into either an agreement for the provision of transition services in connection with the sale ("TSA"), or any other agreement that may purport to allow the unauthorized, shared use of Oracle's licenses, Oracle objects to such use.

Accordingly, Oracle requests that the Court deny the Debtor's request for authority to assume and assign, transfer, or share use of any Oracle agreement without Oracle's consent.

## II.    FACTUAL BACKGROUND

The Debtor filed the above-captioned case on December 3, 2024 ("Petition Date"). The Debtor continues to operate as a debtor in possession.

Oracle is a licensor of computer software and, pursuant to agreements, provides software-related products, technical support, maintenance, educational materials, and programs, as well as cloud-based and point of sale services, which Oracle often customizes for the customer's specific needs.  Prior to the Petition Date, Oracle and the Debtor entered into several agreements for cloud

BN 87454515v1

services, including Estimate 1367037. This Estimate was to be paid pursuant to Payment Schedule No. 205634 ("Oracle Agreements"). Payment Schedule 205634 was assigned to Wells Fargo on April 19, 2024. On December 20, 2024, Payment Schedule 205634 was reassigned back to Oracle.

On January 21, 2025, the Debtor filed the Sale Motion. Pursuant to the Sale Motion, the Debtor proposes to sell substantially all of the Debtor's assets. There is currently no stalking horse bidder.

On February 3, 2025, the Court entered an Order [Dkt. No. 77] approving certain bid and assumption and assignment procedures, including a bid deadline of March 14, 2025 and an auction date of March 18, 2025. This timeline requires that objections to the Assumption Notice be filed before any qualified bids are due and before the purchaser's identity is known. Such a procedure precludes interested parties from reviewing any sale-related documents, including the APA and any TSA.

As of the date of filing this Rights Reservation, the Debtor has identified neither a stalking horse nor any other potential bidder, nor has the Debtor filed a proposed APA. As such, Oracle is unable to determine how its rights may be affected by the sale or any potential APA between the Debtor and the ultimate purchaser(s). Therefore, Oracle reserves all rights to object to the APA, including any TSA or any proposed transitional or shared use of Oracle's agreements by the Debtor and the ultimate purchaser(s).

On February 7, 2025, the Debtor filed the Assumption Notice. Exhibit "A" to the Assumption Notice identifies Wells Fargo with a $0.00 cure amount. The Assumption Notice does not identified any contracts.

**III.    ARGUMENT**

    **A.    The Debtor May Not Assume and Assign the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property.**

Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the

> debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

The Oracle Agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtor may not assume and assign or otherwise transfer the Oracle Agreements without Oracle's consent. For the reasons discussed herein, Oracle does not consent to the Debtor's proposed assumption and assignment at this time.

### B.    The Debtor Has Not Identified The Oracle Agreements To Be Assumed and Assigned.

The Debtor's Assumption Notice does not identify the underlying contracts it wishes to assume and assign. Instead, it identifies Wells Fargo as a counterparty without reference to any specific agreements, leaving Oracle unable to determine exactly which of the Debtor's contracts are at issue.  If by referencing Wells Fargo, the Debtor is signaling its intention to assume and assign Payment Schedule 205634, it must also assume and assign the underlying agreement and Estimate.

It is impermissible for the Debtor to segregate the underlying Oracle license agreement from the corresponding support and master agreement for purposes of assumption and

-4-

assignment, if that is the Debtor's intention. *See, e.g.*, *In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and, "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Techs.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)). Under California law,[2] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned

In order to determine which contracts the Debtor wishes to assume and assign, Oracle requests that the Debtor specify the targeted contracts' (1) name and date; (2) identification number; (3) any associated support or support renewals; and (4) the governing license agreement. This information will enable Oracle to evaluate whether the Oracle Agreements are supported, expired, or in default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtor.

Oracle reserves its right to be heard on this issue until after the Debtor specifies the Oracle Agreements which it seeks to assume and assign.

### C.    The Debtor May Not Have Provided The Correct Cure Amount.

Before assuming and assigning any executory contract, the Debtor must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Debtor has identified a $0.00 cure. However, without a complete description of the contracts the Debtor wishes to assume and assign, Oracle is unable to determine whether the Debtor's asserted cure amount is correct. Therefore, Oracle reserves its right to be heard

---

[2]  *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.").

BN 87454515v1

regarding the cure amount until the contract or contracts the Debtor seeks to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure.

### D. The Debtor Has Not Provided Adequate Assurance of Future Performance By the Assignee.

Before assuming and assigning any executory contract, the Debtor must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1). There is currently no stalking horse bidder and the auction is *after* the deadline for Oracle to object to the Assumption Notice.

To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtor provide the following information about the purchaser(s) to which Debtor proposes to assume and assign the Oracle Agreements: (1) financial bona fides; (2) confirmation that the purchaser is not an Oracle competitor; and (3) confirmation that the purchaser(s) will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle Agreements to be assigned; and, if appropriate (b) enter into an Oracle Master License Agreement. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.

Until the information described above is provided, the Debtor has not complied with the requirements of section 365(b)(1)(C).

### E. Oracle's Agreements Do Not Authorize Simultaneous Use By the Debtor and the Purchaser.

Oracle reserves all rights to object to the final APA between the Debtor and the ultimate purchaser(s), including to the extent the APA or any accompanying TSA includes any broad provisions regarding transitional use or shared use of the Oracle Agreements or Oracle-licensed software.

Simultaneous use of, and access to, Oracle's licensed software exceeds the scope of the permitted uses under the Oracle Agreements, and would potentially result in an unauthorized "splitting" of the licenses between the Debtor and the purchaser(s). Oracle objects to the extent that any transitional or shared use arrangement purports to grant to both the Debtor and purchaser(s) the right to shared use of the Oracle licenses beyond the license terms. Oracle

reserves all rights regarding any transitional use, including under any TSA, until after Oracle has had an opportunity to review the final TSA proposed, and to assess how that TSA may impact Oracle, including whether the use contemplated thereunder constitutes non-compliance under the terms of the Oracle Agreements.

**IV.    CONCLUSION**

For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtor's request for approval of the Sale Motion and Assumption Notice, solely to the extent the Debtor seeks to assume and assign, transfer or share use of any Oracle agreements. Oracle reserves its right to be heard on all issues set forth herein.

DATED:  March 5, 2025

<div style="margin-left:40%">

By:/s/Jeffrey W. Melcher
Jeffrey W. Melcher, Esq. (Bar No. 501180)
**BUCHALTER, P.C.**
1 Music Circle South, Suite 300
Nashville, TN  37203
Telephone: (629) 224-6600

**BUCHALTER, P.C.**
Shawn M. Christianson, Esq.
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone:  (415) 227-0900
schristianson@buchalter.com

**ORACLE AMERICA, INC.**
Peggy Bruggman, Esq.
Alice Miller, Esq.
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle America, Inc.

</div>

BN 87454515v1